FILED
CHARLOTTE, NC

APR 21 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO.: 3:26-cr-73-MEO |
| | ) | |
| | ) | **BILL OF INDICTMENT** |
| **v.** | ) | |
| | ) | Violations:    18 U.S.C. § 1951 |
| | ) | 18 U.S.C. § 924(c) |
| **JUSTIN ARIEL ESPINAL ESTEVEZ** | ) | 18 U.S.C. § 922(g)(5) |
| | ) | |

THE GRAND JURY CHARGES:

### COUNT ONE
*(Hobbs Act Robbery)*

On or about June 15, 2025, in Mecklenburg County, within the Western District of North Carolina, the defendant,

### JUSTIN ARIEL ESPINAL ESTEVEZ,

did knowingly and intentionally obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that he did unlawfully take and obtain a container of cannabidiol, also referred to as CBD, Galaxy Monkey brand, belonging to 2030 Smoke Shop, a store located at 3540 N. Sharon Amity Rd., Charlotte, North Carolina, from the person and presence of an employee, against such employee's will, and by means of actual and threatened force, violence, and fear of immediate and future injury, all in violation of Title 18, United States Code, Section 1951.

### COUNT TWO
*(Possessing and Brandishing a Firearm in Furtherance of a Crime of Violence)*

On or about June 15, 2025, in Mecklenburg County, within the Western District of North Carolina, the defendant,

### JUSTIN ARIEL ESPINAL ESTEVEZ,

did knowingly possess a firearm in furtherance of a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Hobbs Act Robbery, a violation of Title 18, United States Code, Section 1951, as set forth in Count One of this Bill of Indictment, incorporated

by reference herein, in violation of Title 18, United States Code, Section 924(c)(1)(A).

It is further alleged that said firearm was brandished, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

All in violation of Title 18, United States Code, Section 924(c).

## COUNT THREE
*(Possession of Firearm by Prohibited Person)*

On or about June 15, 2025, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**JUSTIN ARIEL ESPINAL ESTEVEZ,**

knowing he was an alien illegally and unlawfully in the United States, did knowingly possess a firearm, that is, a Glock, model 19X, 9mm caliber semi-automatic pistol, in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(5).

## COUNT FOUR
*(Hobbs Act Robbery)*

On or about July 6, 2025, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**JUSTIN ARIEL ESPINAL ESTEVEZ,**

did knowingly and intentionally obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that he did unlawfully take and obtain United States currency belonging to 2030 Smoke Shop, a store located at 3540 N. Sharon Amity Rd., Charlotte, North Carolina, from the person and presence of an employee, against such employee's will, and by means of actual and threatened force, violence, and fear of immediate and future injury, all in violation of Title 18, United States Code, Section 1951.

## COUNT FIVE
*(Possessing, Brandishing, and Discharging a Firearm in Furtherance of a Crime of Violence)*

On or about July 6, 2025, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**JUSTIN ARIEL ESPINAL ESTEVEZ,**

did knowingly possess a firearm in furtherance of a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Hobbs Act Robbery, a violation of Title 18, United States Code, Section 1951, as set forth in Count Four of this Bill of Indictment, incorporated by reference herein, in violation of Title 18, United States Code, Section 924(c)(1)(A).

It is further alleged that said firearm was brandished, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

It is further alleged that said firearm was discharged, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii).

All in violation of Title 18, United States Code, Section 924(c).

## COUNT SIX
*(Possession of Firearm by Prohibited Person)*

On or about July 6, 2025, in Mecklenburg County, within the Western District of North Carolina, the defendant,

### JUSTIN ARIEL ESPINAL ESTEVEZ,

knowing he was an alien illegally and unlawfully in the United States, did knowingly possess a firearm, that is, a Smith & Wesson, model M&P Shield, 9mm caliber semi-automatic pistol, in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(5).

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 924, and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 924 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;
b. All property used or intended to be used in any manner or part to commit or facilitate such violations;
c. All firearms or ammunition involved or used in such violations; and
d. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other

property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a) and (b).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above: (1) a Glock, model 19X, 9mm caliber semi-automatic pistol, and (2) a Smith & Wesson, model M&P Shield, 9mm caliber semi-automatic pistol.

RUSS FERGUSON
UNITED STATES ATTORNEY

DAVID W. KELLY
ASSISTANT UNITED STATES ATTORNEY